FRANCES E. HURLEY, Appellant,

*vs.*

JAMES H. H. HEWETT, Administrator.

Knox.    Opinion April 6, 1896.

*Probate.    Distribution.    Decree.    R. S., c. 65, § 28.*

An administrator having made distribution of the money in his hands coming from a conversion of all the personal assets of the estate except one hundred shares of bank stock, appraised at the value of $120 per share, he petitioned the probate court representing that he had in his hands "property to the amount of twelve thousand dollars" according to its appraisal in the inventory, and asked that a distribution of "such balance" be ordered among the heirs.

After due proceedings thereon the court decreed, "that the sum of $12,000 in the stock of the American National Bank, at appraised value, now in the hands of . . . administrator . . . be distributed among the heirs of said deceased, whose names and distributive shares are as follows." After the signature of the judge to this decree, follows the names of the distributees with the amount of the share to each, and all amounting to $12,000.

There was no appeal from this decree and the administrator accordingly tendered the appellant, one of the heirs, an assignment of her share thereof which she refused to receive, but which she could have at any time she might consent to accept.

In the next settlement of the administrator's accounts he was allowed for the twenty-four hundred dollars thus tendered to the appellant, and she appealed from the decree allowing the same, objecting that a distribution in kind cannot be ordered unless the petition prays for a distribution in kind.

*Held;* that such a distribution in effect, and by the strongest implication, was called for by the petition. It speaks of "property" in the administrator's hands, and not of money. It describes it as a "balance" according to the appraisal. There was no other property in his hands of any kind or amount. The reference to the inventory perfectly identified the property to be divided, and the appellant necessarily knew these facts or is presumed to have known them.

*Also;* that the judge could order a distribution under the permissive statute, R. S., c. 65, § 28, without the aid of appraisers, which can be executed with mathematical certainty.

There may be some irregularity in a portion of a decree being before, and a portion being after, the name of the judge, but *held;* that this is not enough to render a decree void, there being no contradiction or inconsistency between the several clauses; and such merely formal irregularity can be readily corrected by amendment, if necessary.

ON REPORT.

The case is stated in the opinion.

*W. H. Fogler and T. P. Pierce,* for plaintiff.

*D. N. Mortland and M. A. Johnson,* for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

PETERS, C. J.   The appellant is a distributee of one-fifth of the personal estate of her late father, Samuel Pillsbury, who died in the month of January, 1890.   In February of the same year administration was taken out on his estate, an estate containing different kinds of property.   Among the parcels were one hundred shares of stock in the American National Bank of Kansas City, of the par value of one hundred dollars each share, but appraised in the inventory of the estate as worth one hundred and twenty dollars a share.   The present value of the stock is little or nothing, the bank having failed sometime afterwards.

The administrator having made a distribution of the money in his hands coming from a conversion of all the personal assets of the estate excepting this stock, he petitioned the judge of probate at the August term of court 1894, representing that he had in his hands "property to the amount of twelve thousand dollars" according to its appraisal in the inventory, and asking that a distribution of "such balance" be ordered among the heirs.   The proceedings were in due form, and due notice was given of the petition returnable at the next term of the court in September following.   At that term the petition was considered and a decree passed, the portion of it which may be essential to the questions arising here being as follows:

"Upon the foregoing petition, due notice having been given thereon pursuant to law and the order of court, it is decreed that the sum of $12,000 in stock of the American National Bank at appraised value now in the hands of J. H. H. Hewett, administrator of the estate of Samuel Pillsbury, late of Rockland, deceased, be distributed among the heirs of said deceased, whose names and distributive shares are as follows:

C. E. Meservey, Judge."

[Here follows the names of the distributees with amount of share to each, and all amounting to $12,000.]

"The above is in stock of the American National Bank of the par value of $10,000 and appraised at $12,000 in the inventory of the estate and is to be distributed in kind."

There being no appeal from this decree, the administrator, in pursuance of its directions, made an equal division of the stock among the distributees, and tendered to the appellant an assignment of her share thereof which she refused to receive, but which she can have at any time she may consent to accept the same. In the administrator's next settlement of accounts he was allowed for the twelve hundred dollars thus tendered to Frances E. Hurley, one of the heirs and distributees, and she appealed from the decree allowing the same.

The appellant now contends that the decree ordering the distribution in kind was void, and therefore not binding on her, because under the terms of the petition the judge had no jurisdiction enabling him to make such a decree. She insists that notice on the petition would not inform any one that a distribution of the bank stock was contemplated. In other words, her position is that a distribution in kind cannot be ordered unless the petition prays for a distribution in kind. The answer to this objection is that such a distribution was in effect, and by the strongest possible implication, called for by the petition. It speaks of "property" in the administrator's hands, and not of money. It describes it as a balance of $12,000.00 according to the appraisal. There was no other property in his hands of any kind or amount. The reference to the inventory perfectly identified the property to be divided,

and she necessarily knew these facts or is presumed to have known them.

But, says the appellant, no appraisers were appointed by the judge to make a division among the heirs. There was not any need of appraisers. The judge may, not must, appoint is the language of the statute touching the subject. R. S., ch. 65, sec. 28. The judge could order a distribution which without the aid of appraisers might be executed with mathematical certainty.

It is said that a portion of the decree is written before the judge's name and a portion after it. There may be, perhaps, some irregularity in this. But it was so written and recorded, and there is no contradiction or inconsistency between the different clauses. This is not enough to render the decree void and such mere formal irregularity could be readily corrected by amendment if necessary.

It is urged that the administrator was guilty of negligence for not disposing of the stock by sale when it was in better demand in the market. The case discloses nothing upon which this objection can avail anything.

After all, how could the appellant be benefited even if the objectionable decree should be declared void? It is not supposable for a moment that either law or equity would allow her any greater proportion of the actual proceeds of the estate than the other heirs receive, and in the end nothing would be gained by her opposition to the proceedings which she now objects to.

*Appeal dismissed. Decree below affirmed with costs.*